PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS T. LIU  #115038
STACIE D. YEE  #223544
BENJAMIN E. STRAUSS #301660
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: 213.488.7100
Facsimile: 213.629.1033

Attorneys for Defendant
CHINA AIRLINES, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY CHANG, an individual, JAMES LEE, an individual, SALVADOR DEANDA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CHINA AIRLINES, LTD., a Chinese corporation, and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 2:17-cv-007930 <br><br> [Los Angeles County Superior Court Case No. BC 664320] <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1332, 1441** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant CHINA AIRLINES, LTD. ("China Airlines" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles (the "State Court Action"), in which the action is currently pending, to the United States District Court for the Central District of California on the ground that this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  In support of this Notice, Defendant avers as follows:

## THE REMOVED CASE

1.     On June 7, 2017, Plaintiffs Sandy Chang, James Lee, and Salvador DeAnda ("Plaintiffs") commenced this civil action against Defendant China Airlines, a Taiwanese Corporation, in Los Angeles County Superior Court, captioned *Sandy Chang, James Lee, and Salvador DeAnda v. China Airlines, LTD.*, Case No. BC664320, by filing a complaint (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  The Complaint alleges the following three causes of action: Discrimination (Gov't Code § 12940(a)), Retaliation (Gov't Code § 12940(h)), and Failure to Prevent Discrimination (Gov't Code § 12940(k)).

2.     Plaintiffs served a copy of the Summons and Complaint on Defendant on or about July 10, 2017.  The case stated by the initial pleading did not allege facts showing the case was removable.  Specifically, the Complaint states each Plaintiff's county of current residency.  It does not allege the citizenship of any of the three Plaintiffsw.

3.     Attached hereto as **Exhibit B** is a true and correct copy of the Answer filed by China Airlines on August 9, 2017.

4.     The docket in the State Court Action does not indicate that there has been service of process upon any "Does," which are fictitious defendants and therefore disregarded for purposes of this removal.  28 U.S.C. § 1441(b)(1).  A true and correct copy of the court docket in the State Court Action is attached here as **Exhibit C**.

5.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit D**, is a true and correct copy of the Civil Case Cover Sheet filed in the State Court Action; attached hereto as **Exhibit E**, is a true and correct copy of the Civil Case Cover Sheet Addendum and Statement of Location filed in the State Court Action; attached hereto as **Exhibit F**, is a true and correct copy of the Notice of Case Management Conference filed in the State Court Action; attached hereto as **Exhibit G**, is a true and correct copy of the Order to Show Cause Hearing Regarding Failure to File Proof of Service of Summons and Complaint filed in the State Court Action; attached hereto as **Exhibit H**, is a true and

-2-

correct copy of Plaintiffs' Preemptory Challenge Pursuant to California Code of Civil Procedure § 170.6 filed in the State Court Action; attached hereto as **Exhibit I**, is a true and correct copy of the Minute Order Granting Plaintiffs' Preemptory Challenge Pursuant to California Code of Civil Procedure § 170 filed in the State Court Action.

<u>THE REMOVAL IS TIMELY</u>

6. This notice of removal is filed timely. If the case stated by the initial pleading is not removable, a notice of removal is timely if filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3).

7. On or about September 28, 2017, Plaintiffs sent Defendant by electronic mail their responses to Defendant's First Set of Requests for Admissions. Declaration of Stacie D. Yee ("Yee Decl.") at ¶ 2. Upon review of Plaintiffs' responses, it was first ascertained that the case is one which is removable. *See* 28 U.S.C. § 1446(b)(3); Yee Decl. at ¶ 3.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

<u>VENUE IS PROPER IN THIS COURT</u>

9. Venue of this removed action is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division which embraces the place where the State Court Action was originally commenced. Plaintiffs allege they are individuals at all times residing in the County of Los Angeles. Complaint at ¶ 1. Plaintiffs' claims in the Complaint are based on employment actions that allegedly occurred in or around April 29, 2017, and on information and belief occurred in the County of Los Angeles.

<u>DIVERSITY JURISDICTION EXISTS</u>

10. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by Defendant

-3-

pursuant to the provisions of 28 U.S.C. section 1441, in that it is a civil action between citizens of a State and a citizen of a foreign state, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(2).

<u>DIVERSITY OF CITIZENSHIP</u>

11.    As set forth in the Complaint and Plaintiffs' responses to Defendant's First Set of Requests for Admissions, at all times relevant to the Complaint, Plaintiffs have been, residents of the State of California.

12.    In Plaintiff Sandy Chang's ("Chang") responses to Defendant's First Set of Requests for Admissions, Chang admits that she was a dual national, specifically a citizen of the United States of America at the time the Complaint was filed and a citizen of the Republic of China (Taiwan) on the date the Complaint was filed.  Yee Decl. at ¶ 4, Exh. A.

13.    In Plaintiff James Lee's ("Lee") responses to Defendant's First Set of Requests for Admissions, Lee admits that he was a dual national, specifically a citizen of the United States of America at the time the Complaint was filed, and a citizen of the Republic of China (Taiwan) on the date the Complaint was filed.  Yee Decl. at ¶ 5, Exh. B.

14.    In Plaintiff Salvador DeAnda's ("DeAnda") responses to Defendant's First Set of Requests for Admissions, DeAnda admits that he was a citizen of the United States of America at the time the Complaint was filed, and denies that he was a citizen of a country other than the United States of America on the date the Complaint was filed.  Yee Decl. at ¶ 6, Exh. C.

15.    Plaintiffs all allege in their Complaint that they are individuals residing in the County of Los Angeles, State of California, for all times relevant to the Complaint. *See* Complaint at ¶ 1.

16.    As such, Defendant is informed and believes and thereon alleges that Plaintiffs are all citizens of and domiciled in the State of California for jurisdiction purposes.  *See Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that

-4-

California was state of domicile for party with a California residential address); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992) (recognizing that an individual who is a U.S. citizen and also a citizen of a foreign country (*i.e.*, a dual national) is treated as a citizen of the particular American State in which he or she is domiciled for diversity purposes).

17.     Defendant China Airlines is a corporation, organized under the laws of Republic of China (Taiwan.)  Yee Decl. at ¶ 7, Exhs. D, E.  China Airlines' principal place of business is Dayuan, Taoyuan City, Taiwan.  *Id.*  Therefore, China Airlines is an alien corporation—a citizen of Taiwan—a foreign state, for jurisdiction purposes.  *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of every U.S. State and foreign state of incorporation, and the State or foreign state in which it has its principal place of business).

## AMOUNT IN CONTROVERSY

18.     An action may be removed if, in addition to complete diversity, the aggregate amount-in-controversy exceeds the jurisdictional amount of $75,000.  *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).  "Under this standard, the removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages." *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *7 (E.D. Cal., Feb. 19, 2014) (internal quotations omitted).  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19.     In determining whether the amount-in-controversy exceeds $75,000, the Court must presume the Plaintiffs will prevail on each and every one of their claims. *Meredith v. e-MDs*, No. 14-CV-00899 JAM CMK, 2014 WL 2612112, at *3 (E.D. Cal., June 11, 2014).     The amount in controversy may include general and special

compensatory damages and attorneys' fees that are recoverable by statute. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdictional amount). The amount-in-controversy may also include punitive damages. *Gibson v. Chrysler Corp.*, 261 F.2d 927, 945 (9th Cir. 2001) (noting that it is "well established that punitive damages are part of the amount in controversy in a civil action.").

20.   Here, Plaintiffs allege that "each suffered severe emotional distress and economic damages" and that the amount in controversy is "in no event less than $1,000,000.00 per person." Complaint at ¶ 7. In addition, with the Complaint, Plaintiffs each filed a Statement of Damages summarizing damages as follows: Sandy Chang - $707,000 in damages; Salvador Zeanda [*sic*] - $608,000 in damages; James Lee - $608,000 in damages. Yee Decl. ¶ 8, Exh. F. Plaintiffs therefore admit the amount-in-controversy threshold is met for purposes of removal.

21.   In summary, this State Court Action is properly removed to this Court in accordance with 28 U.S.C. sections 1441(a) and 1446 because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California; (2) this action is between citizens of a State and a citizen of a foreign state; and (3) the amount in controversy well exceeds $75,000, exclusive of interest and costs.

22.   If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

23.   Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by China Airlines of any fact or the validity or merits of Plaintiffs' claims, causes of action, or allegations.

24.     Defendant will promptly serve copies of this Notice of Removal upon all parties and will promptly serve and file a notice and copy with the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, China Airlines hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Los Angeles and requests that further proceedings be conducted in this Court as provided by law.

Dated: October 30, 2017                    PILLSBURY WINTHROP SHAW PITTMAN LLP


                                            /s/ Stacie D. Yee
                                  By:        STACIE D. YEE


                                           Attorneys for Defendant
                                           CHINA AIRLINES, LTD.

-7-